**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 102718

UNITED STATES DISTRICT COURT
WESTERNDISTRICT OF WISCONSIN

| | |
|---|---|
| BWP MEDIA USA INC., <br><br> Plaintiff, <br><br> vs. <br><br> MIDWEST COMMUNICATIONS, INC., <br><br> Defendant(s). | Docket No: <br><br> DEMAND FOR JURY TRIAL <br><br> COMPLAINT FOR: <br> 1) COPYRIGHT INFRINGEMENT |

BWP Media USA Inc., by and through its undersigned counsel, states and alleges as follows:

**INTRODUCTION**

1. Plaintiff BWP Media USA Inc. ("BWP") provides entertainment-related photojournalism goods and services. In particular, BWP owns the rights to a multitude of photographs featuring celebrities, which it licenses to online and print publications.

2. BWP's portfolio of celebrity photographs is the bread and butter of its business.

3. BWP has obtained U.S. copyright registrations covering many of its photographs, and others are the subject of pending copyright applications.

4. Defendant Midwest Communications, Inc. owns and operates a website known as www.b93radio.com.

5. Without permission or authorization from BWP, Midwest Communications, Inc.

copied, modified, and displayed BWP's photograph(s) on Midwest Communications, Inc.'s website www.b93radio.com.

6. BWP engaged in this misconduct knowingly and in violation of the United States copyright laws.

7. BWP has been substantially harmed as a result of Midwest Communications, Inc.'s misconduct.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §1367(a) in that the state claims are so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy.

9. This Court has personal jurisdiction over Midwest Communications, Inc. because Midwest Communications, Inc. maintains its principal place of business in Marathon County, Wisconsin, and purposely directs substantial activities at the residents of Wisconsin by means of the website described herein.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Midwest Communications, Inc. does business in this Judicial District or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

11. BWP is a California corporation and maintains its principal place of business in Los Angeles County, California.

12. On information and belief, Midwest Communications, Inc., a corporation with a principal place of business in Marathon County, Wisconsin, is liable and responsible to Plaintiff

based on the facts herein alleged.

## FACTUAL ALLEGATIONS

### BWP's Business

13. BWP provides entertainment-related photojournalism goods and services. In particular, BWP owns the rights to a multitude of photographs which it licenses to online and print publications.

14. BWP has invested significant time and money in building its photograph portfolio.

### BWP's Copyrights

15. BWP has obtained U.S. copyright registrations covering many of its photographs, and others are the subject of pending copyright applications.

16. BWP's photographs are original, creative works in which BWP owns protectable copyright interests.

17. BWP owns several active and valid copyright registrations with the United States Copyright Office (the "USCO"), which registrations cover BWP's photographs.

18. BWP also has filed several copyright applications with the USCO, which are presently pending.

19. BWP applied for and received [a] copyright registration(s) for a collection of photographs, which included the photograph(s) annexed hereto as Exhibit(s) "1" (the "Photograph(s)").

### Midwest Communications, Inc.'s Website

20. On information and belief, Midwest Communications, Inc. is the registered owner of the website located at www.b93radio.com (the "Website"). On information and belief, Midwest Communications, Inc. operates the Website and is responsible for all Website content.

21. The Website provides, *inter alia*, articles, photographs and other information regarding celebrities.

22. The Website is monetized in that it contains paid advertisements. On information

and belief, Midwest Communications, Inc. profits from these activities.

### Midwest Communications, Inc.'s Misconduct

23. Without permission or authorization from BWP, Midwest Communications, Inc. copied, modified, and/or displayed the Photograph(s) on the Website, in violation of BWP's copyrights. See Exhibit "1" annexed hereto.

24. On information and belief, the Photograph(s) were copied from the website(s) of BWP's Clients and reposted on the Website without license or permission, thereby infringing on the Copyrights (the "Infringement(s)").

25. On information and belief, Midwest Communications, Inc. was aware of facts or circumstances from which the Infringement(s) was/were apparent. Based on this totality of circumstances, Midwest Communications, Inc. cannot claim that it is not aware of the widespread infringing activities, including the Infringement(s), on the Website. Such a claim would amount to willful blindness to the Infringement(s) on the part of Midwest Communications, Inc..

26. On information and belief, Midwest Communications, Inc. engaged in the Infringement(s) knowingly and in violation of United States copyright laws.

27. On information and belief, Midwest Communications, Inc. has received a financial benefit directly attributable to the Infringement(s). Specifically, by way of the Infringement(s), Midwest Communications, Inc. increased traffic to the Website and, in turn, realized an increase in, its advertising revenues and/or merchandise sales.

28. As a result of Midwest Communications, Inc.'s misconduct, BWP has been substantially harmed.

### FIRST COUNT

#### (Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

29. BWP repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

30. The Photograph(s) are original, creative works in which BWP owns protectable

copyright interests.

31. BWP has not licensed Midwest Communications, Inc. to use the Photograph(s) in any manner, nor has BWP assigned any of its exclusive rights in the Copyrights to Midwest Communications, Inc.

32. Without permission or authorization from BWP and in willful violation of BWP's rights under 17 U.S.C. §106, Midwest Communications, Inc. reproduced the Photograph(s).

33. On information and belief, without permission or authorization from BWP and in willful violation of BWP's rights under 17 U.S.C. § 106, Midwest Communications, Inc. displayed the Photograph(s) on the Website.

34. Midwest Communications, Inc.'s reproduction of the Photograph(s) and display of the Photograph(s) on the Website constitutes copyright infringement.

35. On information and belief, thousands of people have viewed the unlawful copies of the Photograph(s) on the Website.

36. On information and belief, Midwest Communications, Inc. had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction and display of BWP's copyrighted material.

37. Midwest Communications, Inc.'s copyright infringement has damaged BWP in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** BWP respectfully requests judgment as follows:

1. That the Court enter a judgment finding that Midwest Communications, Inc. has infringed on BWP's Copyrights in the Photograph(s) in violation of 17 U.S.C. § 501 et seq.;

2. That the Court award damages and monetary relief as follows:

    a. Statutory damages against Midwest Communications, Inc. pursuant to 17 U.S.C. § 504(c) of $150,000 per infringement or in the alternative BWP's actual damages and Midwest Communications, Inc.'s wrongful profits in an amount to be proven at trial;

    b. BWP's attorneys' fees pursuant to 17 U.S.C. § 505;

    c. BWP's costs; and

3. Such other relief that the Court determines is just and proper.

DATED: June 20, 2013

**SANDERS LAW, PLLC**

/s/ Craig B. Sanders
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.:102718

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial of this action by jury.

DATED: June 20, 2013

**SANDERS LAW, PLLC**

/s/ Craig B. Sanders
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.:102718